## ANN A. AUSTIN v. J. F. BULLITT.

**Pleadings—Failure to Dispose of Demurrer Regarded as Over-ruled.**

Where no formal disposition of demurrer appears to have been made by the court below, it will be regarded, by the Appellate Court, as over-ruled, and party complaining can avail himself of that fact, on appeal.

**Amended Petition, Construed in Connection with Original—Demurrer.**

Where the subject matter of an amended petition is connected with the transaction, out of which the original cause of action grew, on general demurrer it will be construed with the original petition.

**Pleading—Parties—Demurrer.**

And amended petition, bringing in other parties, which was consolidated with the original cause of action, is held to supply the defects thus demurred to in the original petition.

**Attorney and Client—Presumption of Employment.**

Asquiescence by a party, for ten years, in payments made to an attorney for her, is presumption of employment of the attorney to make such collections.

**Interest—Rate of Payment.**

If interest is charged and paid on a debt at the rate of ten per centum, per annum, it is unquestionably right to allow interest at this rate on payments made.

APPEAL FROM LOUISVILLE CHANCERY COURT.

January 19, 1869.

OPINION OF THE COURT BY JUDGE PETERS:

The first objection made by appellant to the proceedings and judgment is that her demurrer to the amended petition has not been disposed of. As no formal disposition of it appears to have been made by the court below, it will be regarded by this court as having been over-ruled; so that if the demurrer should have been sustained, the appellant can avail herself of the error just as if it had been formally overruled.

The original action was brought by appellee, Bullitt, to obtain

a credit for two hundred dollars claimed by him to have been paid to the personal representative of W. D. Reid, deceased, on a debt which he owed appellant, and while that action was pending, he amended his petition, and alleged that the debt of appellant was over-paid, and sought by an amended petition to reclaim the excess of payments made by him.

To that amendment a demurrer was filed, and it is insisted it should have been sustained.

The subject matter of this amended petition was connected with the transaction out of which the original cause of action grew. They both related to the same indebtedness; and a separate suit for each cause of action would have been to say the least of it unnecessarily multiplying litigation, and must have resulted in a consolidation of both into one. Consequently, the general demurrer should have been over-ruled.

It is next objected to the judgment that appellee was allowed credit for payments made to Hinkle as the attorney of appellant. Other facts besides the express acknowledgements of appellant to that effect, conduce strongly to the conclusion that Hinkle was the attorney employed by her to collect this debt. Such as the endorsement of checks given by appellee payable to her and by her endorsed to Hinkle. Her frequent searches after, and inquiries for, him, and her acquiescence for nearly ten years in payments made to him, of which she cannot reasonably be presumed to have been ignorant. But appellee in his amended petition avers that by an agreement in writing he promised to pay appellant on the unpaid balances of his indebtedness to her, interest at the rate of *ten per centum per annum,* and that he did pay her interest at that rate, which she is willing she may retain, unless she can succeed in her effort to repudiate the action of Hinkle as her agent—and in that event he insists that he shall be credited by the usury paid to her. If then she succeeds in her effort to reject the payments made through Hinkle, and the excess over six per cent., paid her by appellee should be reclaimed, to which he would seem to be entitled, the balance appears to be in his favor.

The next and last objection which will be consdiered relates to the mode of calculating interest on the payments. If interest is charged, and paid on the debts at the rate of ten *per centum* per annum, it is unquestionably right to allow interest on payments at the same rate. But it is contended that the mode of making up

the interest account adopted by the master is in contravention of the statute, and the judgment based on the master's report is erroneous. It might be a sufficient answer to that objection that the rate of interest paid is unauthorized by law.

But the legal mode of computing interest is to calculate the interest on the debt up to the date of the payment; then if the payment exceeds the interest, it is to be applied first to the extinguishment of the interest and the residue is to go as a payment of the principal. But if the payment is not sufficient to pay the interest, then interest is calculated on the payments from their respective dates, and interest on the debt till the final settlement, and the aggregate of the one taken from the aggregate of the other. This is done to avoid compounding the interest accrued.

The payment of interest at the rate charged was the voluntary fulfillment of an agreement of appellee, which he could not have been compelled to carry out; it does not appear, however, that there was any agreement as to the mode of calculating the interest, and as the mode adopted by the master appears to be entirely just, giving to neither party any advantage, the judgment should not be disturbed on that account.

Wherefore, as no available error has been pointed out, and none has been discovered, the judgment is *affirmed*.

*Brown*, for appellant.

*Bullitt*, for appellee.